UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| STEPHEN GAMBREL, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-18-2868 |
| WALKER COUNTY, et al., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Walker County's partial motion to dismiss (Dkt. 10) and defendant Clint McRae's motion to dismiss (Dkt. 25). Plaintiff Stephen Gambrel[1] responded to both motions, and both defendants replied. Dkts. 14, 15, 28, 29. Having considered the motions, responses, replies, amended complaint, and applicable law, the court is of the opinion that both motions (Dkts. 10, 25) should be GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

This is a prisoner civil rights case. According to Gambrel's first amended complaint, Gambrel was jailed for a Class C misdemeanor in the Walker County jail in 2016.[2] Dkt. 7 at 3. While there, defendant jailers Matthew Beamon and James Stephens beat Gambrel without provocation. *Id.* Gambrel suffered "serious and traumatic injuries to his face and head" and was taken to the hospital. *Id.* at 4. Gambrel's mental health has also suffered significantly. *Id.*

---

[1]Plaintiff's filings alternate between spelling the plaintiff's name as "Gambrel" and "Gambrell."

[2]At the motion to dismiss stage, the court takes all facts alleged in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Gambrel, an African American, alleges that the attack was racially motivated. *Id.* at 2. Both Beamon and Stephens are white. *Id.* Beamon and Stephens have been indicted for "official oppression and a [racial] hate crime enhancement" related to the attack, and the charges are still pending. *Id.* at 4.

Gambrel further alleges that Beamon and Stephens were both terminated from previous jobs for use of excessive force, and that Beamon and Stephens have beaten other prisoners at the Walker County jail. *Id.* at 4–5. Gambrel alleges that McRae, as Walker County sheriff, hired Beamon and Stephens despite the jailers' histories of violence and failed to adequately train and supervise them. *Id.* at 6, 7. Moreover, Gambrel alleges that McRae was aware of a pattern of violence against other Walker County inmates by Beamon and Stephens but did nothing to prevent it. *Id.* at 4, 7.

Gambrel sued Walker County, Beamon, Stephens, and McRae in state court. Dkt. 1. Walker County, the only served defendant at that time, removed to federal court. *Id.* Gambrel's amended complaint, filed in federal court, brings causes of action under 42 U.S.C. §§ 1983, 1985, and 1988, as well as the Texas Constitution and state common law torts. Dkt. 7 at 2. Both Walker County and McRae now move for dismissal under Federal Rule of Civil Procedure 12 for lack of subject matter jurisdiction and failure to state a claim.

## II. STANDARD OF REVIEW

### A. Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts have original jurisdiction over all civil actions 'arising under the Constitution, laws, or treaties of the United States.'" *Willis of Texas, Inc. v. Stevenson*, Civil Action No. H-09-cv-404, 2009 WL 7809247, at *1, *4 (S.D. Tex. May 26, 2009) (Ellison, J.) (citing 28 U.S.C. § 1331). Federal question jurisdiction exists "only in those cases in

which a well-pleaded complaint establishes either that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id*.

"In determining whether the court has subject matter jurisdiction, [it] must accept as true the allegations set forth in the complaint." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (citation omitted). "[A] trial court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

**B.     Failure to State a Claim**

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or

legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

#### A. State Tort Claims

First, Walker County and McRae move to dismiss Gambrel's assault and battery tort claims under Rule 12(b)(1). Dkt. 10 at 2; Dkt. 25 at 2. However, the court does not read the complaint to allege an assault and battery claim against either defendant. An introductory paragraph of the complaint does appear to generally allege all claims against all defendants. Dkt. 7 at 2 ("Specifically, Plaintiff[] alleges that Defendants violated [Gambrel's] rights under the Texas Constitution and the U.S. Constitution . . . and [committed] assault and battery under state law."). However, under the "Assault and Battery" heading of the complaint, Gambrel asserts only that "[t]he actions of Sgt. Beamon and Jailer Stephens constitute assault and battery upon [Gambrel]." *Id.* at 7. Although Gambrel's responses did not address this issue, the court concludes that Gambrel has only alleged assault and battery claims against Beamon and Stephens. Therefore, Walker County and McRae's motions to dismiss Gambrel's state tort claims are DENIED AS MOOT.

4

**B. Section 1983 Claims**

1. *Claim Against McRae*

Next, McRae moves to dismiss Gambrel's § 1983 claim on the ground that supervisory officials cannot be held liable on a theory of vicarious or *respondeat superior* liability under § 1983. Dkt. 25 at 2. McRae argues that "[Gambrel] makes no factual allegations that Sheriff McRae was present to direct or control any of the jailers' actions. As such, [Gambrel's] claims against Sheriff McRae amount to no more than claims under a *respondeat superior* theory, and thus fail." *Id.* at 7.

"Section 1983 does not impose individual liability on a police chief under theories of vicarious or *respondeat superior* liability." *Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006). However, a sheriff may still be liable under § 1983 if the sheriff "was personally involved in the constitutional violation or [if] there is a sufficient causal connection between the police chief's conduct and the constitutional violation." *Id.* at 1115; *see also Cardenas v. Young*, 655 F. App'x 183, 187 (5th Cir. 2016). This rule holds supervisors liable for their own actions, rather than the actions of their subordinates. *See Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015) (holding that a supervisor could be held liable under § 1983 for "promulgating" and "failing to correct" certain policies carried out by subordinates).

Here, Gambrel has sufficiently alleged that McRae himself engaged in constitutional violations, or that his actions caused violations, by failing to adequately supervise and discipline Beamon and Stephens. *See* Dkt. 7 at 7. Gambrel also alleges that McRae failed to "address a policy and practice of excessive force" against racial minority inmates. *Id.*; *see also id.* at 9 ("[Gambrel] was severely beaten because [McRae] hired known violent guards. [McRae] also let a culture of excessive force fester in the jail for years. [McRae's] actions and inactions were a cause of [Gambrel's] injuries."). Therefore, at this stage, Gambrel has sufficiently alleged that McRae

himself directly participated in or caused constitutional violations. McRae's motion to dismiss Gambrel's § 1983 claim is DENIED.

    2.    *Claim Against Walker County*

Walker County argues that it is immune from a punitive damages award under § 1983.[3] Dkt. 10 at 6–7. Gambrel's response to Walker County's motion appears to argue that Walker County lacks immunity from a § 1983 claim under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978). *See* Dkt. 14. However, Walker County has not moved to dismiss Gambrel's § 1983 claim.

Further, it is unclear whether Gambrel is actually seeking punitive damages against Walker County. Dkt. 7 at 7–8. However, if Gambrel is seeking such damages, those claims must be dismissed. The Supreme Court has squarely held that municipalities, though potentially liable under § 1983 and *Monell*, may not be subjected to punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."). Thus, to the extent Gambrel seeks punitive damages from Walker County, that claim is DISMISSED and Walker County's motion is GRANTED.

**C.    Section 1985 Conspiracy Claims**

Both defendants also argue that Gambrel's § 1985(3) conspiracy claims must be dismissed.[4] The defendants argue that Walker County and the individual defendants, as County employees,

---

[3]Walker County also argues that it is immune from punitive damages for Gambrel's state law claims. Dkt. 10 at 2. However, as dicussed *infra*, Gambrel's only remaining claim against Walker County is his § 1983 claim.

[4]Although Gambrel's complaint only alleges a general § 1985 claim, § 1985(1) does not apply to state officials and § 1985(2) only addresses conspiracy to obstruct justice in judicial matters. *See* 42 U.S.C. § 1985; *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998). Because both of these scenarios clearly do not apply here, the court assumes that Gambrel intends to bring a claim under § 1985(3) for conspiracy to deprive him of his constitutional rights.

constitute one legal entity and therefore cannot conspire with each other as a matter of law. Dkt. 10 at 2; Dkt. 25 at 2.

The court agrees. Under the well-established intracorporate-conspiracy doctrine, "where all of the defendants are members of the same collective entity, no claim of conspiracy can be sustained against them." *LaFleur v. McClelland*, No. 4:13-CV-425, 2013 WL 5148181, at *3 (S.D. Tex. Sept. 11, 2013) (Harmon, J.) (citing *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998)) (holding that multiple officers from the same police department constituted a single legal entity incapable of conspiring with itself); *see also id.* (collecting cases). The Fifth Circuit has applied this rule to prevent plaintiffs from bringing conspiracy claims under § 1985(3) against multiple defendants employed by the same governmental entity. *See, e.g.*, *Benningfield*, 157 F.3d at 378*; Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867–868 (2017) (discussing application of the intracorporate-conspiracy doctrine to § 1985 claims). Here, because the defendants are a municipality and its employees, none of the defendants could have conspired with each other as a matter of law.[5] Both motions to dismiss Gambrel's § 1985 conspiracy claims are GRANTED.

---

[5]The Fifth Circuit has recognized a narrow exception to the intracorporate-conspiracy doctrine when "corporate employees act for their own personal purposes," although it rarely applies in the context of a § 1985 claim. *Benningfield*, 157 F.3d at 378; *cf. Thornton*, 526 F. App'x at 388 (applying the intracorporate-conspiracy doctrine to § 1985 claims without discussing the personal purpose exception). Here, Gambrel has not argued that this exception applies and does not allege that any of the individual defendants acted for personal purposes. Gambrel *does* allege that the defendants were motivated by racial animus, which could conceivably constitute a personal purpose insofar as racial animus is not a legitimate governmental purpose. However, racial animus is an element of a § 1985(3) claim. *Wong v. Stripling*, 881 F.2d 200, 202–03 (5th Cir. 1989). Therefore, if racial animus qualified as a "personal purpose" under this exception, the intracorporate-conspiracy doctrine could not apply to § 1985(3) claims. Because the Fifth Circuit has applied the intracorporate-conspiracy doctrine to § 1985(3) claims, racial animus cannot be a "personal purpose" under this exception. *See Thornton*, 526 F. App'x at 388.

**D.     Texas Constitution Claims**

Finally, both defendants argue that Gambrel cannot bring claims directly under the Texas Constitution because "Texas has no provision comparable to [§ 1983] and there is no private cause of action for damages implied under the Texas Constitution." Dkt. 25 at 2; Dkt. 10 at 2. The court agrees. "[T]ort damages are not recoverable for violations of the Texas Constitution." *Daniels v. City of Arlington*, 246 F.3d 500, 507 (5th Cir. 2001) (citing, *inter alia*, *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995)). While "equitable remedies for violation[s] of [Texas] constitutional rights may be enforced," *McPeters v. LexisNexis*, 910 F. Supp. 2d 981, 990 (S.D. Tex. 2012) (Ellison, J.) (citing *Bouillion*, 896 S.W.2d at 149), Gambrel only requests monetary damages. *See* Dkt. 7 (amended complaint). Thus, both motions to dismiss Gambrel's claims under the Texas Constitution are GRANTED.

## IV. CONCLUSION

Accordingly, both motions are DENIED AS MOOT as to Gambrel's state tort claims. Walker County's motion to dismiss (Dkt. 10) is GRANTED as to all other claims. McRae's motion to dismiss (Dkt. 25) is GRANTED with respect to: (1) Gambrel's § 1985 claims; and (2) Gambrel's claims under the Texas Constitution. McRae's motion is DENIED as to Gambrel's § 1983 claim.

Signed at Houston, Texas on March 6, 2019.

_____
Gray H. Miller
Senior United States District Judge